**PHILIP MORRIS USA INC., Appellant,**

v.

**Vickie MCKEEVER, as Personal Representative of the Estate of Theodore McKeever, Appellee.**

**No. 4D15–2493**

District Court of Appeal of Florida, Fourth District.

[ January 4, 2017 ]

Geoffrey J. Michael of Arnold & Porter LLP, Washington, DC, and Geri Howell of Shook, Hardy & Bacon LLP, Miami, for appellant.

John S. Mills and Courtney Brewer of The Mills Firm, P.A., Tallahassee, and Robert W. Kelley, Todd R. McPharlin and Eric S. Rosen of Kelley Uustal, PLC, Fort Lauderdale, for appellee.

Per Curiam.

In this *Engle*[1] progeny case that was tried as a survival action, Philip Morris USA, Inc., appeals a final judgment awarding Vickie McKeever, the personal representative of the estate of her late husband, Theodore McKeever, $5,798,170.45 in compensatory damages (including $2 million for loss of consortium) and $11,625,000 in punitive damages. We affirm on all issues except appellant's argument that it is entitled to a reduction in the compensatory damages award in proportion to Mr. McKeever's share of fault. On this issue, we reverse. *See R.J. Reynolds Tobacco Co. v. Schoeff,* 178 So.3d 487 (Fla. 4th DCA 2015), *rev. granted,* No. SC15–2233, 2016 WL 3127698 (Fla. 2016).

We also briefly address appellant's due process and preemption arguments. As appellant acknowledges, there is binding case law rejecting appellant's arguments that due process precluded giving the *Engle* findings preclusive effect and that the plaintiff's strict liability and negligence claims were preempted by federal law. *See Philip Morris USA, Inc., v. Douglas,* 110 So.3d 419 (Fla. 2013); *R.J. Reynolds Tobacco Co. v. Marotta,* 182 So.3d 829 (Fla. 4th DCA 2016), *rev. granted,* No. SC16–218, 2016 WL 934971 (Fla. 2016). We affirm on these issues, but note that appellant wishes to preserve these arguments for possible further review.

*Affirmed in part and Reversed in part.*

Taylor, Levine and Conner, JJ., concur.

1. *Engle v. Liggett Group, Inc.,* 945 So.2d 1246 (Fla. 2006).